UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 5 2015 ★
BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>MODESTO MONTORES PEREZ,<br><br>Defendant. | 14-CR-0668-003<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**

Nadia E. Moore
United States Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6362
nadia.moore@usdoj.gov

**For Defendant:**

Avrom J. Robin
Law Offices of London & Robin
99 Park Avenue, Suite 2600
New York, NY 10016
212-683-8000
avrom@mindspring.com

1

## Table of Contents

I. Introduction ................................................................................................................3
   A. Facts..................................................................................................................3
   B. Arrest, Charge, and Detention ..........................................................................3
   C. Guilty Plea ........................................................................................................3
   D. Sentencing ........................................................................................................4
II. Offense Level, Category, and Sentencing Guidelines Range....................................4
III. Law............................................................................................................................4
IV. 18 U.S.C. § 3553(a) Considerations .........................................................................5
V. Sentence.....................................................................................................................7
VI. Conclusion.................................................................................................................7

## I. Introduction

Modesto Montores Perez participated, in a limited capacity, in an illegal document forgery operation. For a total of three transactions, he received $450. Mr. Perez has no other criminal history. With limited education and few economic prospects in Mexico, he came to the United States in order to earn money to send home to his wife and daughter. He has worked continually at construction and menial restaurant jobs since he arrived.

Outlined below is the court's rationale for imposing a sentence of time-served of some seven months and a term of three years of supervised release.

### A. Facts

Between September 2014 and December 2014, Mr. Perez played a minor role at the tail end of a fraudulent identification document scheme. Presentence Investigation Report ¶¶ 20–34. On September 17, November 4, and December 11, 2014, defendant provided a confidential source with false documents in exchange for money. *Id.* at ¶¶ 23–37. He received only a small share of the illegal proceeds: $150 per transaction, amounting to a total of $450. *Id.*

### B. Arrest, Charge, and Detention

On December 12, 2014, Mr. Perez was arrested. *Id.* at 1. Found on his person was $1600 in pre-recorded "buy" money. *Id.* at ¶ 36. He was charged in a four-count indictment. Indictment as to Modesto Montores Perez ¶¶ 1–6, No. 14-CR-0668 (Dec. 24, 2015), ECF No. 9. Since his arrest, Mr. Perez has remained in custody on the present charges. *See* Sentencing Hr'g Tr., July 15, 2015 ("Sent. Hr'g.").

### C. Guilty Plea

On July 15, 2015, pursuant to a plea agreement, Mr. Perez pled guilty to count two of the four-part indictment, passport fraud in violation of 18 U.S.C. § 1543. *See id.*; Indictment as to

Modesto Montores Perez ¶ 3, No. 14-CR-0668 (Dec. 24, 2015), ECF No. 9. At the request of the government, all remaining counts were dismissed. *See* Sent. Hr'g.

### D. Sentencing

Mr. Perez was sentenced on July 15, 2015 to time-served – some seven months – and three years supervised release, pursuant to conditions imposed at sentencing. *See id.*

The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's total offense level is 15, with a criminal history category of I. Presentence Investigation Report ¶ 82. The Sentencing Guidelines ("Guidelines") imprisonment range is 18–24 months. *Id.* The maximum term of imprisonment is 10 years. 18 U.S.C. § 1543.

The court may impose a supervised release term of not more than three years. 18 U.S.C. § 3583(b)(2). The Guidelines range for a term of supervised release is 1–3 years. U.S.S.G. § 5D1.2(a)(2).

A special assessment of $100 is mandatory. 18 U.S.C. § 3013(a)(2)(A). The Guidelines range for a fine is $4,000–$40,000. U.S.S.G. § 5E1.2(c)(3).

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. See 18 U.S.C. §

3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors *under [section] 3553(a)*." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("Parsimony: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

### IV.   18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

5

The offense was serious, but Mr. Perez's involvement was limited in both time and scope. *See supra* Part I.A.

Mr. Perez is now thirty-three years old. Raised in Mexico in humble circumstances, he experienced a bumpy childhood. Presentence Investigation Report ¶ 61. His parents divorced when he was five years old; his mother assumed custody. *Id.* at ¶ 63. *Id.* At age twelve, the defendant completed elementary school and started to work full time on the family's land. *Id.* at ¶ 72. He returned to school at age sixteen; after completing ninth grade at age eighteen, he again left school for work. *Id.*

Prior to entering the United States, Mr. Perez worked at a gas station in Mexico. *Id.* at ¶ 76. In August 2007, the defendant immigrated to the United States illegally in search of employment opportunities to support his wife and daughter, who reside in Mexico. *Id.* at ¶¶ 64, 66. Since 2007, Mr. Perez has lived in Queens, spending the last three years living with a friend. *Id.* at ¶ 64.

After entering the United States, Mr. Perez maintained consistent employment, working in either construction or as a dishwasher. *Id.* As the sole financial provider for his wife and nine-year-old daughter, he sent approximately $250–$300 every two weeks. *Id.* at ¶ 66. Since his arrest and detention, the defendant's family in Mexico has supported his wife and daughter. *Id.* His daughter's studies started to suffer after learning of her father's arrest. *Id.*

Mr. Perez has one brother who currently lives and works in Mexico as a taxi driver. *Id.* at ¶ 62. Both the defendant's parents and his brother are aware of his arrest; they have remained supportive of him. *Id.* at ¶¶ 61, 62.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Mr. Lopez's sentencing. *See, e.g., Alli-Balogun v. United States*, No. 13-CV-07423, 2015 WL 4273786, at *2 (E.D.N.Y. July 15, 2015); *United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014);*United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

Mr. Perez was sentenced to time-served for years' incarceration, with three years of supervised release. *See* Sent. Hr'g. A $100 special assessment was imposed. *Id.* No fines were imposed because the defendant does not have assets, and it is unlikely that he will have any in the future to pay a fine. *See id.*; Presentence Investigation Report ¶ 80.

## VI. Conclusion

General and specific deterrence are achieved by the sentence. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Jack B. Weinstein
Senior United States District Judge

Dated: July 28, 2015
Brooklyn, New York